IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CITY OF TILLAMOOK OREGON,**  3:18-cv-02054-BR

       Plaintiff,  OPINION AND ORDER

v.

**KENNEDY JENKS CONSULTANTS,
INC., a California
corporation doing business in
the State of Oregon,**

       Defendant.


**ROGER A. LENNEBERG**
**DARREN B. CARPENTER**
Jordan Ramis, P.C.
Two Centerpointe Drive, 6th Floor
Lake Oswego, OR 97035
(503) 598-7070

       Attorneys for Plaintiff

**LAURA C. CALDERA**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 228-6351

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant's Motion (#4) to Strike Pursuant to Fed. R. Civ. P. 12(f). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

The following facts are taken from the Complaint and the parties' filings related to Defendant's Motion to Strike.

On February 12, 2001, Plaintiff City of Tillamook and Defendant Kennedy Jenks Corporation entered into a contract for the planning, design, contract administration, and construction of the City of Tillamook Wastewater Treatment Improvements Project. Plaintiff alleges in its Complaint that Defendant served as Plaintiff's "planner, design engineer and project manager, owner's representative[,] and owner's professional wastewater system consultant on the Project." Compl. at ¶ 6. Plaintiff alleges Defendant

> prepared the plans and specifications for the Project, prepared the Contract documents, evaluated contractor bids, served as the onsite construction manager/owner's agent, received and responded to information requests, change orders and payment applications from the Project contractor . . . and made recommendations to the City. Under the Contract defendant was responsible for evaluating and ruling on any claim by [the Project contractor] and advised the City regarding all aspects of the Project.

Compl. at ¶ 6.

On June 29, 2007, Plaintiff entered into a construction contract for the Project with Big River Construction, Inc.,[1] after "the defendant evaluated and ranked all bids." Compl. at ¶ 7.

Plaintiff alleges in its Complaint that during construction "numerous design errors were discovered by the contractor and the defendant was required to make post bid changes to the Project specifications, resulting in additional cost." Compl. at ¶ 9. According to Plaintiff, it discovered "over the course of the project . . . that portions of the original plans and specifications were either missing or inadequate to meet [Plaintiff's] intended . . . requirements as a well [*sic*], and the regulatory and performance criteria." Compl. at ¶ 9.

At various times from March 2009 to October 2009 Big River "sought additional contract time through [some of] its monthly schedule updates." Compl. at ¶ 25. In addition, on March 3, 2010, "Big River submitted a claim requesting an equitable adjustment of $2,249,916 plus interest"; on March 9, 2010, "Big River submitted a claim seeking payment under [various] pay applications . . . in the amount of $207,340, plus interest"; on March 22, 2010, "Big River . . . claimed it was entitled to $135,000 under [certain] deductive change orders"; and on July 1, 2010, "Big River submitted a claim related to quality

---

[1] Big River is not a party to this action.

3 - OPINION AND ORDER

control expenses in the amount of $54,581.75, plus interest." Compl. at ¶¶ 21-24. Plaintiff alleges Defendant advised Plaintiff "not to pay the final pay application in the amount of $220,000, not to release the retention in the amount of $185,000, and to deny all claims for additional compensation and time. Relying on the defendant's advice, the City refused to make any further payments or grant a time extension." Compl. at ¶ 26.

Plaintiff alleges the completion of the Project was delayed because of various design deficiencies and multiple changes proposed by Big River. The Project was completed in January 2010.

On April 16, 2010, Big River filed an action against Plaintiff in Tillamook County Circuit Court, *Big River Construction v. City of Tillamook* (the State Action), "for breach of contract and breach of the implied warranty of the specifications produced by Defendant." Compl. at ¶ 27.

On March 20, 2012, a jury entered a verdict in favor of Big River in the State Action.

On July 10, 2012, the Tillamook County Circuit Court entered a judgment in favor of Big River and against Plaintiff in the amount of $1,527,907. On June 4, 2013, the Tillamook County Circuit Court entered a supplemental judgment for $590,239.

On November 27, 2018, Plaintiff filed an action in this Court against Defendant alleging claims for breach of contract,

professional negligence, and breach of fiduciary duty in connection with the Project and the State Action.

On January 28, 2019, Defendant filed a Motion (#4) to Strike Pursuant to Fed. R. Civ. P 12(f) in which it seeks an order striking certain factual allegations in Plaintiff's Complaint. The Court took Defendant's Motion under advisement on March 13, 2019.

## **STANDARDS**

Federal Rule of Civil Procedure 12(f) allows the court to strike any "redundant, immaterial, impertinent, or scandalous material." To be impertinent or immaterial, the allegations must not have any possible bearing on the controversy. *Emp'rs Ins. of Wausau v. Musick, Peeler, & Garrett*, 871 F. Supp. 381, 391 (S.D. Cal. 1994), *opin. amended on reconsideration*, 948 F. Supp. 942 (S.D. Cal. 1995). The "function of Rule 12(f) is not served when . . . the motion would require the court to resolve 'disputed and substantial factual or legal issues.'" *Am. Gen. Life Ins. Co. v. James*, No. C-14-04242 DMR, 2015 WL 730010, at *3 (N.D. Cal. Feb. 19, 2015)(quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010)).

District courts in the Ninth Circuit are split as to whether a motion to strike is the proper vehicle to object to allegations relating to settlement negotiations, but the majority of courts

5 - OPINION AND ORDER

that have addressed the question have concluded Rule 12(f) motions to strike may be used to address allegations relating to settlement negotiations. *See, e.g., Reddy v. Morrissey*, 3:18-cv-00938-YY, 2018 WL 4407248, at *1 (D. Or. Sept. 17, 2018)(District courts "have acknowledged, FRCP 12(f) may be used to strike allegations from complaints that detail settlement negotiations."); *McCrary v. Elations Co.*, LLC, No. EDCV 13-0242 JGB OPX, 2013 WL 6403073, at *5 (C.D. Cal. July 12, 2013) (granting the defendant's motion to strike allegations in the plaintiff's second amended complaint that contained information about offers to compromise and statements in pursuit of settlement noting "numerous [c]ourts have used Rule 12(f) to strike allegations from complaints that detail settlement negotiations within the ambit of Rule 408."); *Jones v. Metro Life Ins. Co.*, No. C-08-03971-JW (DMR), 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010)("[U]nder [FRCP] 12(f), courts have granted motions to strike references to settlement negotiations even at the pleadings stage of a case, on the basis that the contents of settlement discussions would otherwise be inadmissible under Federal Rule of Evidence 408 and are therefore immaterial and potentially prejudicial."). *But see Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11-468-JST, 2011 WL 13228020, at *2 (C.D. Cal. Sept. 15, 2011)(denying the plaintiff's 12(f) motion to strike portions of the defendant's counterclaims and

noting the plaintiff "objects to [the defendant's] allegations on the ground that evidence of settlement discussions is inadmissible under Federal Rule of Evidence 408. Such an objection is properly raised either as an objection to the consideration of evidence on a motion for summary judgment, or as a motion in limine before trial, when the Court may fully consider the specific evidence, the purpose for which the evidence is proffered, and the mitigating effect of a limiting instruction.").

Motions to strike "are disfavored and infrequently granted." *Liberty Nat. Prods., Inc. v. Hoffman*, 3:13-cv-00886-BR, 2017 WL 4855404, at *4 (D. Or. Oct. 26, 2017). *See also Servo v. Junginger*, 3:13-cv-00702-PK, 2014 WL 3891751, at *3 (D. Or. Aug. 6, 2014)(same). "This is because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'" *Baroness Small Estates*, 2011 WL 13228020, at *1 (quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)).

When considering a motion to strike "the court must view the pleadings in the light most favorable to the nonmoving party." *Liberty Nat.*, 2017 WL 4855404, at *4. *See also In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)(same). The disposition of a motion to strike is within the discretion of the district court. *Federal Sav. & Loan Ins. Corp.*

7 - OPINION AND ORDER

v. *Gemini Mgmt*, 921 F.2d 241, 244 (9th Cir. 1990). *See also Reddy*, 2018 WL 4407248, at *2 (same).

**DISCUSSION**

Defendant moves to strike the second sentence of Paragraph 37 and all of paragraphs 38-41 and 43-44 of Plaintiff's Complaint on the ground that they contain inadmissible settlement communications pursuant to Federal Rule of Evidence 408 and/or inadmissible mediation communications pursuant to Oregon Revised Statutes § 36.222.

Plaintiff, however, asserts the disputed material does not contain allegations of communications made during a settlement conference or mediation communications.

At issue are the following allegations in Plaintiff's Complaint:

> Plaintiff tendered the defense of the retrial to defendant.
>
> 38. Defendant refused tender of the defense on retrial.
>
> 39. Rather than set a trial date after remand of the Lawsuit, the trial judge ordered the plaintiff, Big River and defendant to mediate.
>
> 40. Plaintiff warned that it would accept a reasonable settlement offer with the intention of binding defendant.
>
> 41. Defendant refused to participate in mediation.
>
> 42. Plaintiff settled with Big River at mediation for less than the Judgment amount and tendered

8 - OPINION AND ORDER

payment of the settlement amount to defendant, resulting in a Release and Settlement Agreement dated February 6, 2018. Exhibit 10 (page 1 only).

43. Defendant refused to pay the settlement.

44. By refusing to pay the settlement amount, defendant was estopped from disputing damages.

## I. Analysis under Federal Rule of Evidence 408

Rule 408 provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
>> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>>
>> (2) conduct or a statement made during compromise negotiations about the claim
>
> * * *
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Thus, under Rule 408 "[s]ettlement negotiations include an offer or promise to provide or accept 'valuable consideration' to settle a claim, as well as 'conduct or statements made in compromise negotiations regarding the claim.'" *Mastec N. Am., Inc. v. Coos Cty*, No. 04-278-AA, 2007 WL 2027011, at *8 (D. Or. July 6, 2007)(quoting Rule 408).

9 - OPINION AND ORDER

Plaintiff asserts the paragraphs at issue do not contain allegations of an offer or promise to provide or to accept valuable consideration to settle a claim nor do they contain allegations of conduct or "statements made in compromise negotiations" regarding the claim, and, therefore, these paragraphs do not contain inadmissable settlement communications.

### A.     Paragraph 39

In Paragraph 39 Plaintiff alleges:  "Rather than set a trial date after remand of the Lawsuit, the trial judge ordered the plaintiff, Big River and defendant to mediate."  In this paragraph Plaintiff alleges only actions by the state-court judge.  Plaintiff does not allege or describe any actions by Plaintiff, Defendant, or Big River nor does Plaintiff refer in this paragraph to any offer, acceptance, or promise to accept "a valuable consideration in compromising or attempting to compromise" any claim.  The Court, therefore, concludes for purposes of Defendant's Motion that paragraph 39 does not allege the kind of evidence that would be barred by Rule 408.

### B.     Paragraphs 37-38, 40-41

In paragraphs 37-38 and 40-41 Plaintiff alleges it tendered defense of the retrial to Defendant, that Defendant refused the tendered defense, that Plaintiff advised Defendant it would accept any reasonable settlement offer made by Big River if such an offer was made when Plaintiff and Big River began

mediation, and that Defendant refused to participate in mediation.  Courts have made clear that a demand for payment or a tender of defense without an offer for compromise does not constitute a settlement offer or an attempt at negotiation.  *See, e.g., Reddy*, 2018 WL 4407248, at *2 (The court declined to strike the disputed paragraphs in the plaintiff's complaint on the ground that they did not "disclose a post-contractual settlement effort, but rather, when read in a light most favorable to [the plaintiff, the paragraphs] merely reference . . . the terms of the original agreement and [the defendant's] purported breach of that agreement."); *Spiva v. Walmart*, No. 6:18-cv-1024-MK, 2019 WL 1063386, at *8 (D. Or. Jan. 18, 2019)(The court denied the defendants' Rule 12(f) motion to strike noting "[r]ather than a negotiation or offer to compromise, [the defendant's] statements reflect denial of culpability, refusal to compromise, and shifting of blame -- none of which fall under the ambit of FRE 408."); *Med. Prot. Co. v. Pang*, 25 F. Supp. 3d 1232, 1243 (D. Ariz. 2014)("[T]he sole communication from [the defendant] does not mention negotiations, but rather demands payment of attorneys' fees and that MPC withdraw its pending Rule 59(e) and 60(b) motions."  The court, therefore, found the defendant did not enter into negotiations.).

      Here Plaintiff's warning to Defendant that it would accept a reasonable settlement offer if such an offer was made by

Big River and Defendant's refusal to participate in the mediation between Plaintiff and Big River do not constitute allegations of an offer, acceptance, or promise to accept from Defendant "a valuable consideration in compromising or attempting to compromise" any claim. The Court, therefore, concludes for purposes of Defendant's Motion that paragraphs 37-38 and 40-41 do not contain allegations of the kind of evidence that would be barred by Rule 408.

### C. Paragraph 43

In paragraph 43 Plaintiff alleges Defendant refused to pay the mediation settlement that Plaintiff reached with Big River. Paragraph 43 does not contain an offer, acceptance, or promise to accept "a valuable consideration in compromising or attempting to compromise" any claim. In fact, Plaintiff notes in paragraph 43 that Defendant refused to pay the settlement and does not indicate any offer of compromise, counteroffer, or negotiation. The Court, therefore, concludes for purposes of Defendant's Motion that paragraph 43 does not contain allegations of the kind of evidence that would be barred by Rule 408.

### D. Paragraph 44

Plaintiff alleges in paragraph 44 that "defendant was estopped from disputing damages" because Defendant refused to pay the mediation settlement amount. This allegation does not contain any reference to settlement negotiations or mediation

12 - OPINION AND ORDER

communications. In fact, paragraph 44 is not a factual allegation, but rather a legal conclusion. Accordingly, the Court concludes paragraph 43 does not contain allegations of the kind of evidence that would be barred by Rule 408.

In summary, the Court concludes Rule 408 does not provide a basis for the Court to strike the disputed paragraphs.

## II. Analysis under Oregon Revised Statutes §§ 36.220 and 36.222

Defendant asserts the Court should strike the paragraphs at issue because they disclose confidential mediation communications in violation of Oregon Revised Statutes §§ 36.220 and 36.222.

Oregon Revised Statutes § 36.222(1) provides: "[M]ediation communications and mediation agreements that are confidential under ORS 36.220 to 36.238 are not admissible as evidence in any subsequent adjudicatory proceeding, and may not be disclosed by the parties or the mediator in any subsequent adjudicatory proceeding."

Oregon Revised Statutes § 36.110(5) defines mediation as

> a process in which a mediator assists and facilitates two or more parties to a controversy in reaching a mutually acceptable resolution of the controversy and includes all contacts between a mediator and any party or agent of a party, until such time as the resolution is agreed to by the parties or the mediation process is terminated.

A "mediation agreement" is "an agreement arising out of a mediation, including any term or condition of the agreement." Or. Rev. Stat. § 36.110(6). Mediation communications are "[a]ll

13 - OPINION AND ORDER

communications that are made, in the course of or in connection with a mediation, to a mediator, a mediation program or a party to, or any other person present at, the mediation proceedings." Or. Rev. Stat. § 36.110(7)(a). Oregon courts have held "mediation communications that are confidential under ORS 36.220 and inadmissable under 36.222 cannot form the basis of a legal claim and thus may be struck from a complaint." *Alfieri v. Solomon*, 358 Or. 383, 392 (2015).

In *Alfieri* the plaintiff retained the defendant as his attorney to pursue an employment action against the plaintiff's former employer. After "limited discovery" the plaintiff and the plaintiff's former employer agreed to enter into mediation. "Before meeting with the mediator and plaintiff's former employer, defendant advised plaintiff about the potential value of his claims and the amount for which he might settle the lawsuit." *Alfieri*, 358 Or. at 386. The plaintiff and his former employer attended a mediation session, but they did not reach an agreement. After the mediation the mediator "proposed a settlement package to the parties." *Id*. The plaintiff, relying on the defendant's advice, ultimately accepted the terms of the mediator's proposed settlement. After the parties settled, the plaintiff brought an action against the defendant for legal malpractice. The plaintiff's allegations in his malpractice complaint

>     disclosed facts about the mediator's settlement
>     proposal to the parties, defendant's conduct
>     during the mediation, and private attorney-client
>     discussions between plaintiff and defendant
>     regarding the mediation.  Those private
>     attorney-client discussions — which occurred
>     outside the mediation session and without the
>     involvement of either the mediator or plaintiff's
>     former employer — concerned the valuation and
>     strength of plaintiff's claims, whether plaintiff
>     was obligated to accept the mediator's proposal
>     and sign the settlement agreement, and whether the
>     agreement was enforceable.  Although some of those
>     discussions took place before or while the
>     mediation was still in progress, others occurred
>     when plaintiff signed the settlement agreement or
>     thereafter.

*Id*. at 386–87.  The defendant moved to strike many of the allegations in the plaintiff's complaint on the ground that they were inadmissible mediation communications under Oregon Revised Statutes §§ 36.220 and 36.222.  The trial court granted the defendant's motion to strike in part, struck several allegations that "disclosed the settlement amount and other confidential settlement terms," and struck the following allegations on the ground that they contained confidential mediation communications:

- The mediation was largely unsuccessful because defendant substantially lowered his recommendation for settlement from amounts he told plaintiff before the mediation the lawsuit would likely settle for.

- Following the mediation session, the mediator suggested a particular settlement amount to the parties, and that "[o]ver the course of the next several days, plaintiff made several attempts to reject the proposed offer but defendant pressured plaintiff into eventually agreeing to the mediator's proposal.

- Defendant failed to reasonably advocate for plaintiff in the mediation of the lawsuit with plaintiff's former employer.

- Defendant recommended that plaintiff settle for the mediator's proposed amount.

- Defendant failed to advise plaintiff that the mediator's proposal was not enforceable because plaintiff's former employer had not accepted it on time.

- Defendant had advised plaintiff that he was bound to the terms of the Agreement even though [plaintiff's former employer] failed to pay within the time required by the terms of the Agreement.

*Id*. at 388. The plaintiff appealed, and the Oregon Court of Appeals affirmed in part and reversed in part. Specifically, the Court of Appeals concluded the trial court did not err when it struck the allegations that disclosed the terms of the settlement agreement and the allegation that described the mediator's settlement proposal to the parties. The Court of Appeals also concluded the trial court did not err when it struck allegations of "discussions between plaintiff and defendant that occurred in preparation for, during, and after the mediation conference — but before the signing of the settlement agreement" on the ground that those were "mediation communications" made "in the course of or in connection with the mediation process." *Id*. at 389. The Court of Appeals, however, concluded the trial court erred when it struck allegations of "communications that occurred post-signing" on the ground that those were not "mediation

16 - OPINION AND ORDER

communications because the mediation had already ended." *Id*. The plaintiff appealed the Oregon Court of Appeals decision and asserted, among other things, that "the allegations struck from his complaint did not contain mediation communications within the meaning of ORS 36.110(7)(a) because the communications described were not part of the mediation, in that they did not involve assistance or facilitation by a mediator." *Id*. at 390. The defendant asserted on appeal that "properly construed, 'mediation communications' include all communications that are made to a party or its agent that support, aid, or facilitate the resolution of a dispute with the aid of a mediator until that effort finally and definitively ends." *Id*. The Oregon Supreme Court concluded the term "mediation" in Oregon Revised Statutes § 36.110(5) "includes only that part of the process in which a mediator is a participant." *Id*. at 395. The Oregon Supreme Court explained:

> Looking to the text and context of ORS 36.110(5), we conclude that plaintiff has the better argument. . . . ORS 36.110(5) . . . describ[es] . . . specifically that "'[m]ediation' means a process *in which* a mediator assists and facilitates" the resolution of the parties' dispute. (Emphasis added.) The words "in which a mediator assists and facilitates" follow the noun "process" without being set off by commas. Those words therefore operate as a restrictive clause, limiting the frame of reference and therefore the meaning of the preceding noun. Thus, in context, the meaning of "process" here appears more limited and refers only to those aspects of the mediation in which the mediator is directly involved.

17 - OPINION AND ORDER

* * *

> Here, the legislature's decision to specify that
> "mediation" includes *all* contacts between the
> mediator and the parties (or their agents) is
> particularly instructive. First, it implies that
> other types of interactions not mentioned, such as
> private conversations between a party and his or
> her attorney, may not necessarily be part of the
> mediation itself. Second, it confirms that the
> legislature understood "mediation" to refer, at
> its most essential level, to the assistance and
> facilitation that the mediator provides. The
> legislature's inclusion of that exemplar thus
> lends further support to the conclusion that the
> meaning of the term "mediation," as statutorily
> defined, refers to the part of the mediation
> process in which the mediator is directly involved

*Id*. at 393-94 (citations omitted)(emphasis in original). The

Oregon Supreme Court held:

> [C]onsidering the text of ORS 36.110(7)(a) in
> light of its context and history, we conclude that
> the term "mediation communications" includes only
> communications exchanged between parties,
> mediators, representatives of a mediation program,
> and other persons while present at mediation
> proceedings, *that occur during the time that the
> mediation is underway* and relate to the substance
> of the dispute being mediated. Private
> communications between a mediating party and his
> or her attorney outside of mediation proceedings,
> however, are not "mediation communications" as
> defined in the statute, even if integrally related
> to a mediation . . . [because][n]othing in the
> legislative history . . . suggests that the
> legislature intended ORS 36.110(7)(a) to apply to
> statements made by other persons not identified in
> the statute, such as an attorney giving private
> advice to his or her client outside of any
> mediation proceeding.

*Id*. at 404 (emphasis added). Ultimately the Oregon Supreme Court

concluded that the trial court erred when it struck allegations

18 - OPINION AND ORDER

in the plaintiff's complaint pertaining to discussions between the plaintiff and the defendant that occurred before the mediation began and after the mediation ended. The Oregon Supreme Court explained:

> Private discussions between a mediating party and his or her attorney that occur *outside* mediation proceedings, whether before or after those proceedings, are not "mediation communications" within the meaning of ORS 36.110(7)(a), even if they do relate to what transpires in the mediation. Therefore, because those allegations are neither confidential under ORS 36.220 nor inadmissible under ORS 36.222, the trial court erred in striking them from plaintiff's complaint.

*Id*. at 406.

Here the allegations in Plaintiff's Complaint that Defendant seeks to strike involve communications that occurred either before Plaintiff and Big River began the mediation ordered by the trial judge or after the mediation concluded. In addition, Plaintiff alleges Defendant refused to participate in the mediation. Defendant, therefore, was not a "part[y], mediator[], representative[] of a mediation program, [or] other person[] . . . present at mediation proceedings" at the time of the communications alleged in Plaintiff's Complaint. Thus, Defendant is not a party to whom § 36.110(7) relates and the allegations at issue in Plaintiff's Complaint are not mediation communications within the meaning of § 36.110(7).

The Court, therefore, concludes on this record for purposes of Defendant's Motion that Plaintiff's allegations in the

19 - OPINION AND ORDER

paragraphs at issue are not inadmissible mediation agreements or communications. Accordingly, the Court concludes Defendant has not established those allegations constitute confidential communications under Oregon Revised Statutes § 36.220 that must be stricken.

In summary, the Court concludes Defendant has not established any basis under either Federal Rule of Evidence 408 or under Oregon statutes for the Court to strike the paragraphs at issue. Accordingly, the Court denies Defendant's Motion to Strike.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#4) to Strike Pursuant to Fed. R. Civ. P. 12(f).

IT IS SO ORDERED.

DATED this 16th day of April, 2019.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge